## GEORGE S. MASON, APPELLANT, *v.* UNION PACIFIC RAILWAY COMPANY, RESPONDENT.

SURVIVAL OF ACTION.—PERSONAL INJURY.—ACTION FOR DEATH.—
Section 2961, 2 Comp. Laws 1888, provides that whenever the
death of a person shall be caused by the wrong doing of
another, and the person killed would have had an action, the
person that would have been liable if death had not ensued
shall be liable to an action for damages; and section 2962 pro-
vides that every such action shall be brought in the name of
the personal representatives of the deceased; and section 3187,
2 Comp. Laws 1888, provides that an action does not abate by
death if the cause of action continue, and in case of death the
court may on motion allow the action to be continued in the
name of the personal representatives; *held* that these statutes
do not change the rule that a personal action does not survive,
and that an action for a personal injury brought by the
deceased in his lifetime does not survive to his personal repre-
sentative if even after death leave was asked to amend to
show that the wrongful act caused the death.

ANDERSON, J., dissenting.

APPEAL from a judgment of dismissal of the district
court of the first district. The opinion states the facts.

*Mr. Thomas Maloney,* for the appellant.

*Messrs. Williams and VanCott,* for the respondent.

ZANE, C. J.:

This suit was commenced by the late George S. Mason
to recover damages, as alleged, in consequence of having
been forcibly and unlawfully removed from a car of the
defendant by its agents; and afterwards, upon motion of
plaintiffs' counsel, the name of Jesse G. Mason, admin-
istrator of his estate, was substituted with the consent of

·defendant's counsel. The plaintiff's counsel also moved the court for leave to amend the complaint so as to show that George S. Mason died from the wrongful acts complained of. This motion the court denied, and, on motion of the defendant, dismissed the case. From the ·order denying leave to amend and dismissing the suit, the plaintiff has appealed to this court, and assigns the ·same as error.

The question for our consideration and decision is, did the action survive? Section 3187, 2 Comp. Laws Utah 1888, declares that " an action * * * does not abate by * * * * death, if the cause of action * * * survive or continue. In case of the death * * * of ·a party, the court on motion may allow the action * * * * to be continued by or against his representatives." While this law makes it the duty of the court to continue actions that survive in the name of the representative of the deceased party, it does not indicate those that do survive. At common law, actions founded in tort, and in form *ex delicto,* do not survive. Chitty ·states the rule thus: "In the case of injuries to the person, whether by assault, battery, false imprisonment, ·slander, or otherwise, if either party who received or ·committed the injury die, no action can be supported either by or against the executors, or other personal representatives." 1 Chit. Pl. 68. And in Broom's Legal Maxims (page 909) the rule is laid down as follows:

"It is, however, to actions in form *ex delicto* that the rule *actio personalis moritur cum persona* is peculiarly .applicable; indeed, it has been ·observed that this maxim is not applied in the old authorities to causes of action ·on contracts, but to those in tort which are founded on malfeasance or misfeasance to the person or property of another, which latter are annexed to the person, and die ·with the person, except where the remedy is given to the

personal representatives by the statute law, it being a general rule that an action founded in tort, and in form *ex delicto*, was considered as *actio personalis*, and within the above maxim."

But the plaintiff's counsel further claims that the action commenced by the late George S. Mason survived, and that the court should have continued it under section 4198 of the above named statute, viz.:

"Actions for the recovery of any property, real or personal, or for the possession thereof, and all actions founded upon contracts, may be maintained by and against executors and administrators, in all cases in which the same might have been maintained by or against their respective testators or intestates."

This section relates to the recovery of property, and to actions founded on contracts. It does not embrace those founded on torts against the person. The allegation of the complaint is that the decedent offered to pay his fare to the conductor before he forcibly and wrongfully put decedent off the defendant's train. There was no contract to violate. The trespass complained of was not against or upon personal or real property. The allegations of the complaint showed a trespass against plaintiff's person; no invasion of contract or property rights appeared. Therefore the provisions of the section have no application to this case. The appellant also relies upon the following sections of the above statutes:

Section 2961. "Whenever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect or default is such as would, if the death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the company or corporation which, would have been liable if death had not ensued, shall be liable

to an action for damages notwithstanding the death of.
the person injured, and although the death shall have
been caused under such circumstances as amount in law·
to felony."

Section 2962. "That every such action shall be brought·
by and in the names of the personal representatives of
such deceased person, and the amount received in every
such action shall be distributed by direction and decree·
of the proper probate court to such persons other-
wise than creditors, as are by law entitled to distributive
shares of the estate of such deceased person, and in such
proportions as are prescribed by law."

Section 3179. "When the death of a person not being
a minor is caused by the wrongful act or neglect of
another, his heirs or personal representatives may main-
tain an action for damages against the person causing
the death.　*　*　*　In every action under this and
the preceding section, such damages may be given as,.
under all the circumstances of the case, may be just."

These sections give to the personal representatives or
heirs a right of action against the person whose wrong-
ful act or neglect causes the death of another, when the
deceased, if he were living, could maintain one. If the
person sustaining the direct injury from the wrongful
act or neglect had a right of action for it, his heirs have
one for their injury for his death caused by the same act
or neglect.

The common law gives a person injured without his
fault a right of action to recover compensation from the
person whose negligence or wrongful act produced it,
and, if death follows from such negligence or wrongful
act, the statute gives his heirs a right of action to
recover compensation from the same person for the injury
in consequence of his death. George S. Mason brought
this action in his life-time, to recover damages for the

wrong done him by the defendant. That action was to
remunerate him for his loss estimated in money; but the
action authorized by the statute for the benefit of his
heirs would be to recover a sum of money to pay their
loss in consequence of his death, the value that his life
would have been to them. The object of the latter action
would not be to obtain the amount estimated in money
that the decedent might have obtained for himself, and
remuneration for his physical and mental suffering. The
question is, can the action by the heirs be regarded
under the law as a continuation of the action of the
decedent? The language of the act does not manifest
an intention to continue the common law right of action
given to recover compensation for the loss to the decedent;
but it does manifest an intention to give the heirs in
their own name, or in the name of the personal repre-
sentatives, a right of action to recover compensation for
their loss in consequence of the decedent's death. The
statute does not continue a right of action given to the
decedent in his life-time to compensate his loss in con-
sequence of the defendant's wrongful act against him. It
gives the heirs a right of action to remunerate their loss,
in consequence of death occasioned by the same act.
While the wrongful act of the defendant for the injuries
which George S. Mason sued, invaded his rights, and
the law gave him a right of action to redress the con-
sequences of that invasion to him, that act did not in a
legal sense invade the rights of his heirs, and therefore
they had no wrong, from that act simply, to redress by an
action. Their legal rights were not invaded until death
ensued, and then the statute gave them instantly a right
of action to redress the losses following that invasion of
their rights. The wife or children do not succeed to the
husband's or father's cause of action; that dies with him.

But, immediately upon his death, a new cause of action arises in their favor. The statute then gives them a new cause of action. It does not revive or continue the husband's or father's cause of action. *Whitford* v. *Railroad Co.*, 23 N. Y. 465; *Hegerich* v. *Keddie*, 99 N. Y. 258; 1 N. E. Rep. 787. The statement that the wrongful act alone constitutes the cause of action, and that the death simply affects the rule of damages, is a mere assumption of the point in dispute—the existence before the death of the right of action in favor of the heirs. The wrongful act constitued a cause of action in favor of George S. Mason, while living, but not in favor of his heirs under the statute. The right of action at common law in favor of the decedent was based on one fact,—the wrongful act; but the right under the statute in favor of the heir is based on two,—the wrongful act and the death.

Law-writers and courts of very high authority have affirmed that the cause of action under statutes similar to the one applicable in this case consists alone of the negligence or the wrongful act, while others, whose opinions are entitled to great weight, have held that the death constitutes the cause. Both classes appear to concede that the cause must consist of one fact or the other. In our opinion, the true view is that the cause of action consists of both facts; that neither alone amounts to one. If the heirs had brought this suit alleging in the complaint the trespass without the fact of death, the court would have been compelled to sustain a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The wrongful act caused the death of Mason, but his death in turn must be regarded in a legal sense as causing the injury to the heirs. The injury to the decedent from defendant's

wrongful act, the law made actionable. And the injury to his heirs from his death caused by that wrongful act, the statute also made actionable. The relation of cause and effect between the defendant's act and the injury to the heirs completes the legal chain. In the suit by the decedent there is a legal combination constituting a cause of action without the death. Not so in the suit by the heirs. Without the death, there would be a missing link, in that the wrongful act of the defendant, the decedent's death, and the relation of cause and effect between those two facts constitute the combination of facts which the statute declares a cause of action in favor of the heirs against the wrong-doer. "The fact or combination of facts which gives rise to a right of action" constitutes the "cause of action." Rap. & L. Law Dict. Speaking of the statement of a cause of action at law, Chitty, in his work on Pleading, (volume 1, p. 240,) says: "A declaration is a specification, in a methodical and legal form, of the circumstances which constitute the plaintiff's cause of action, which necessarily consists of the statement of a legal right, or, in other words, a right recognized in courts of law." An action by the legal representatives or heirs of George S. Mason to recover compensation for the loss to them in consequence of his death would necessarily differ from the action instituted by him, and which it is claimed survived in respect to the parties, the cause of action, the time at which it occurred, and as to damages. We hold that the action instituted by George S. Mason in his life-time against the defendant could not, after his death, continue and survive for the benefit of his heirs. The judgment of the court below is affirmed.

BLACKBURN, J., concurred.

ANDERSON, J. (*dissenting*):

I cannot assent to either the reasoning or the conclusion announced by the majority of the court in the opinion just delivered. It appears from the record that plaintiff's decedent, George S. Mason, sued the defendant in a commissioners' court for wrongfully ejecting him from a car on its road, claiming $300 damages. At the trial he recovered judgment for $200. The defendant appealed the case to the district court, but before the case was reached for trial in that court the plaintiff died, and his administrator, the present plaintiff, was substituted in his stead, with the consent of counsel for defendant. Afterwards the defendant moved the court to dismiss the action, because it had abated by the death of the original plaintiff, and at the same time counsel for plaintiff asked leave to amend his complaint, and allege that the decedent's death was caused by the wrongful act of the defendant in ejecting him from its car. Leave to amend was denied, and the cause dismissed by order of the court. Section 3187, 2 Comp. Laws 1888, provides that an action does not abate by the death of either party if the cause of action survives or continues, and that in case of the death of a party the court may allow the action to be continued by or against his representatives. If, then, the cause of action in this case survived or continued, the action did not abate by the death of the plaintiff; but, if the cause of action did not survive or continue, then the action did abate by plaintiff's death. What, then, is the cause of action in this class of cases? Is it the wrongful or negligent act which produced the death, or is the death the cause of action, or does it consist of both the wrongful act and the death, as held in the majority opinion? The statute

declares the wrongful or negligent act must be such that the injured party could have maintained an action therefor, if death had not ensued. The cause of action, then, for the wrongful act must have existed and been vested in plaintiff during his life-time. He might, therefore, if he had lived, have prosecuted an action for the wrongful act to a final determination, or he might have accepted satisfaction and executed a release, and in either case, as there could be but one cause of action, or one satisfaction, for the same wrongful act, no further right of action could be maintained, notwithstanding his subsequent death from his injuries. *Dibble* v. *Railroad Co.,* 25 Barb. 183; *Littlewood* v. *Mayor,* 89 N. Y. 25; *Read* v. *Railway Co.,* L. R. 3 Q. B. 555; 2 Redf. R. R. (6th ed.) 294; 1 Shear. & R. Neg. (4th ed.) § 140; Cooley, Torts, 264; Freem. Judgm. § 241.

It will be observed that the damages which the administrator may recover are not given specifically for the death, but for the wrongful act "notwithstanding the death," and when, and only when, damages could have been recovered by the injured party during his life-time. If the defendant be guilty of no fault, or if the decedent was guilty of such contributory negligence that he could not have recovered for his injuries if he had lived, his personal representative cannot recover for his death. 1 Shear. & R. Neg. (4th ed.) § 140; Cooley, Torts, 264; 2 Redf. R. R. (6th ed.) § 195. How, then, can it be said that the death is the cause of action instead of the wrongful or negligent act which produced the death? It is true that, but for the death, the personal representative or heir could not maintain the action, but this fact does not make the death the cause of action. If the defendant had owed the decedent on a promissory note at

the time of his death, the death would be equally neces-
sary to give a right of action to the administrator on the
note, but that would not make the death the cause of
action in a suit by him on the note.

Sections 2961, 2962, of our statute (2 Comp. Laws 1888,
p. 179) are substantially the same as the English statute
commonly called "Lord Campbell's Act," (9 and 10 Vict.
c. 93,) and which, with some modifications, has been
adopted in most of the States of this Union. In Cooley
on Torts, (page 264,) the learned author, speaking of
this statute, says:

"It is seen, on perusal of this statute, that it gives an
action only when the deceased himself, if the injury had
not resulted in his death, might have maintained one.
In other words, it continues for the benefit of the wife,
husband, etc., a right of action which, at the common
law, would have terminated at the death, and enlarges
its scope to embrace the injury resulting from the
death."

The case of *Horton* v. *Daly,* 106 Ill. 131, was like the
case at bar in all material respects. The plaintiff in that
case obtained a verdict and judgment against the defend-
ant for personal injuries caused by defendant's negli-
gence. The defendant appealed, and the case was
reversed and a new trial granted; and before the second
trial the plaintiff died, and his administrator was sub-
stituted, and counsel for the defendant, as in the case at
bar, moved the court to dismiss the case because the
action had abated by the death of the plaintiff, which
motion was overruled. The Supreme Court sustained the
ruling of the lower court, and held that, there being

nothing on the face of the record showing of what the
deceased died, the question of the survivorship of the
cause of action could not be raised by motion, and inti-
mates that it could only be done by plea in abatement.
The court in that case, under a statute substantially like
the Utah statute, held that the negligent act and not
the death was the cause of action, that it survived to
the administrator, and that the administrator occupied
the same position he would have occupied had the suit
not been begun until after the death of the decedent.
The only causes cited in the opinion of the chief justice,
in support of the views of the majority of the court as
to the survivability of actions of this kind, are *Whitford*
v. *Railroad Co.*, 23 N. Y. 465, and *Hegerich* v. *Keddie*,
99 N. Y. 258, 1 N. E. Rep. 787. In the first of the
above-mentioned cases, it was held by a majority of the
court that the cause of action was the death and not
the wrongful act that produced it. Chief Justice Com-
stock delivered a dissenting opinion, which was concurred
in by Justice Hoyt, in which he maintained with great
force and clearness that the wrongful act and not the
death was the cause of action.

The case of *Hegerich* v. *Keddie*, above referred to, was
an action by the administrator of the estate of the injured
party against the executor of the estate of the wrong-
doer. The court, while holding that the statute, which
is similar to ours, creates a new cause of action, in that
it authorizes an action to be maintained by personal
representatives against a wrong-doer, whose act or negli-
gence has produced death, which could not be done at
the common law, says that the action "is founded upon
the wrongful act of the party causing the death, and
gives a right of action therefor to the representatives of
the deceased for the pecuniary consequences suffered by

the husband, wife, or next of kin from such wrongful act." The court also says: "The cause of action is obviously the wrongful act, and the pecuniary injuries resulting afford simply a rule to determine the measure of damages. However much the husband, widow, or next of kin may suffer pecuniarily by the act causing death, it constitutes no cause of action, independent of evidence that it was occasioned by the wrongful or negligent conduct of another." Again, the court say: "It will be observed also that the statute, although creating a new cause of action, and passed for the express purpose of changing the rule of the common law in respect to the survivability of actions, and conferring a right upon representatives which they did not before possess, does not undertake either expressly or impliedly to impair the equally stringent rule which precluded the maintenance of such actions against the representatives of the offending party."

It is thus seen that, of the two cases referred to in support of the doctrine held by the majority of the court, only one of them supports it, and that by a divided court, while the other and later case in the same court announces a contrary doctrine, and supports the views expressed in this opinion. Before the adoption of this statute (sections 2961, 2962, 2 Comp. Laws 1888) a party injured by the wrongful or negligent act of another could recover for his injuries under the common law, but, if he died from his injuries without having done so, his cause of action died with him, and did not survive or continue to his personal representatives or heirs. The very object, and in fact the only object, of the statute was to change this common-law rule, and create a survivorship of the cause of action in favor of his personal representatives, by taking away the immu-

nity which his death afforded the wrong-doer; and, under the sections above referred to, his personal representative could maintain an action against the party whose wrongful or negligent act caused his death, and this right was extended to the heir by section 3179, adopted at a later period. Upon both reason and authority, the wrongful act which causes the death constitutes the cause of action in this class of cases, and under the statute survives or continues to the personal representative or heir. The original plaintiff in this case having begun his action against the defendant for a wrongful act, which it is alleged resulted in his death after the action was begun, and his administrator having been substituted as plaintiff, the cause should have proceeded to trial. Under section 3187 of our statute, which provides that an action does not abate by the death of a party where the cause of action survives or continues, but may be continued by his personal representatives, this action did not abate, and should not have been dismissed by reason of the death of the plaintiff.