## HALLING v. INDUSTRIAL COMM. OF UTAH et al.

No. 4588. Decided December 27, 1927. (263 P. 78).

*Bagley, Judd & Ray* and *A. H. Nebeker*, all of Salt Lake City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., *J. Robert Robinson,* Asst. Atty. Gen., and *Young & Boyle,* of Salt Lake City, for defendants.

HANSEN, J.

This is a proceeding to review an order of the Industrial Commission dismissing the application of Rose J. Halling for compensation for the death of her husband, Mariner Halling. The application was made under our Industrial or Workmen's Compensation Act for the benefit of the applicant and her five minor children, who are also the children of the deceased.

Mariner Halling died on December 7, 1926. Prior to his death, and on September 9, 1925, the deceased filed a written application before the commission for adjustment of a claim for compensation, alleging that on August 8, 1925, he was injured by an accident arising out of and in the course of his employment by Henning Henderson. The Hartford Accident & Indemnity Company, a corporation, was the insurance carrier.

Hearing was had on the application of the deceased October 7, 1925. The commission found:

'The applicant, on the 8th day of August, 1925, was not injured by reason of an accident arising out of or in the course of his employment while regularly employed by Henning Henderson."

The commission rendered its decision denying compensation to the applicant, Mariner Halling, February 17, 1926. Application for rehearing was filed March 9, 1926, and denied by the commission on the same day. No appeal was taken from the decision denying Mariner Halling compensation.

On February 11, 1927, within a year after the death of Mariner Halling, Rose J. Halling, on behalf of herself and minor children, filed her application with the Industrial

Commission for compensation on account of the death of her husband. In her application it is alleged that, between the 1st and 10th of June, 1925, and again on August 8, 1925, Mariner Halling was injured by an accident arising out of and in the course of his employment by Henning Henderson, an employer subject to the provisions of the Industrial Act; that the employer and his insurance carrier denied liability for compensation; and that Mariner Halling never recovered from the injury sustained, but died as a direct result thereof December 7, 1926. The application also contains the other necessary allegations to entitle the widow and minor children of deceased to compensation in the event the death of Mariner Halling was caused by an accident arising out of or in the course of his employment by Henning Henderson. The defendant Henning Henderson, and his insurance carrier, the Hartford Accident & Indemnity Company, answered the application, denying that Mariner Halling died as a result of any accident arising out of or in the course of his employment by Henning Henderson.

Application for compensation of Rose J. Halling came on for hearing before the Industrial Commission March 9, 1927. Before any evidence was offered, the commissioner before whom the hearing was to be had observed that, under date of February 17, 1926, the Industrial Commission of Utah had rendered a decision upon the application of Mariner Halling denying him compensation for an injury, which he, Mariner Halling, claimed had occurred August 8, 1925, while in the employ of Henning Henderson; that, at the time the hearing was had on said application of Mariner Halling, evidence was also offered as to an injury which Mariner Halling claimed he received between June 1, and June 10, 1925, while in the employ of Henning Henderson; that, while the commission did not mention the injury claimed to have been sustained by Mariner Halling in June, it, none the less, had such claim in mind, and the commission, in fact, intended to deny compensation for both claimed injuries. Thereupon the commissioner who was conducting

the proceedings inquired of counsel for Rose J. Halling and her minor children, and also of counsel for the defendant Henning Henderson and the Hartford Accident & Indemnity Company, if they would agree that the record in the hearing upon the application of Mariner Halling might be made part of the record in the hearing upon the application of Rose J. Halling and her minor children. Counsel for both the applicants and the defendants agreed that this might be done. It was further stipulated and agreed between counsel for the applicants and defendants and the commissioner who was conducting the hearing that before any further proceedings were had upon the application of Rose J. Halling and her minor children, the commission should determine whethor or not the decision rendered upon the application of Mariner Halling precluded Rose J. Halling and her minor children from recovering compensation for the death of Mariner Halling.

On April 9, 1927, the commission rendered its decision denying compensation to the applicants because, as stated by the commission, it had denied compensation to Mariner Halling, and therefore "his wife and minor children, who claim through him, could be in no better position before the commission than the deceased himself, and that therefore we are without jurisdiction to entertain this application, and that for this reason the case should be dismissed."

The sole question before us for review in this proceeding is whether or not the commission properly dismissed the application of Rose J. Halling and her minor children for the reasons stated by the commission in its decision. To determine this question it is necessary to briefly review the history of the laws of this state with respect to the rights of a surviving widow and minor children in a claim growing out of an injury resulting in the death of the husband and father. It is a well-recognized and generally accepted rule that, at common law, an action for personal injury abates upon the death of the person injured. Tiffany, Death by Wrongful Act (2d Ed.) c. 1, § 1; *Mason* v. *Union Pacific*

*R. R. Co.,* 7 Utah, 77, 24 P. 796. Since the enactment in England of the statute commonly known as Lord Campbell's Act in 1846, most of the states in this country have enacted laws embodying the same general provisions as are contained in the English act. Prior to statehood Utah had such a law. Comp. Laws Utah, 1888, § 3179, provided:

"When the death of a person not being a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this * * * section, such damages may be given as under all the circumstances of the case may be just."

This provision of Comp. Laws Utah 1888, supra, remained the law of this state, with some slight changes not material here, until the enactment of Laws Utah 1921, c. 67, §§ 3133 and 3140. The provisions of Comp. Laws Utah 1888, § 3179, were construed by the Supreme Court of the Territory of Utah in the case of *Mason* v. *Union Pacific R. R.,* supra, decided in June, 1890. It is there held on page 82 of the Utah report and page 797 of the Pacific report:

"The wife or children do not succeed to the husband's or father's cause of action; that dies with him. But, immediately upon his death, a new cause of action arises in their favor. The statute then gives them a new cause of action. It does not revive or continue the husband's or father's cause of action. *Whitford* v. *Railroad Co.,* 23 N. Y. 465; *Hegerich* v. *Keddie,* 99 N. Y. 258, 1 Ne. E. 787 [52 Am. Rep. 25]."

Similar results were reached by this court in the case of *Candland* v. *Mellen,* 46 Utah 519, 151 P. 341. To the same effect are the following cases cited in plaintiff's brief: *Earley* v. *Pacific Electric R. R. Co.,* 176 Cal. 79, 167 P. 513, L. R. A. 1918A, 997; *Munro* v. *Dredging Co.,* 84 Cal. 515, 24 P. 303, 18 Am. St. Rep. 248; *Burk* v. *Arcata & Mad River Railway Co.,* 125 Cal. 364, 57 P. 1065, 73 Am. St. Rep. 52; *Blackwell* v. *American Film Co.,* 189 Cal. 689, 209 P. 999; *Tann* v. *Western Pacific Railway Co.,* 39 Cal. App. 377, 178 P. 971.

When Utah became a state in 1896, its Constitution, art. 16, § 5, provided:

"The right of action to recover damages for injuries resulting in death, shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation."

Under our Workmen's Compensation or Industrial Act, which was enacted by the Legislature in 1917, it is provided that:

"For injuries, however, resulting in death, the dependents of the deceased employee are given the right, within such time as the commission by rule shall prescribe, to elect (a) between bringing suit at law against such employer to recover damages for such death and in the event of suit said dependents must prove negligence on the employer's part before they can recover, or (b) to accept the benefits allowed to dependents of deceased employees by this title in the event of death. If they elect (b) they shall not be entitled to sue such employer at law to recover damages. If they elect (a) they thereby forfeit any rights to compensation under this title, and in a suit at law shall not be entitled to recover damages from such employer if the deceased employee was himself guilty of contributory negligence, or if he assumed the risk, or if his death was due in whole or part to the negligence of a fellow servant." Comp. Laws Utah 1917, § 3127.

It will be observed under the original Workmen's Compensation or Industrial Act, as above quoted, the dependents of an employee who died as a result of wrongful injury by the employer retained, if they so elected, the rights provided for by Comp. Laws Utah 1888, supra, and made secure from legislative interference by the Constitution of Utah, art. 16, § 5. At the special session of the thirteenth Legislature of the state of Utah, held September and October, 1919, a resolution was passed proposing to amend section 5, art. 16, of our state Constitution, so that the same should read:

"The right of action to recover damages for injuries resulting in death, shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation, except in cases where compensation for injuries resulting in death is provided for by law." See Laws Sp. Sess. 1919, p. 45.

It was further provided by the resolution that the proposed amendment should be submited to the electors of the state at the next general election, and, if adopted by the electors of the state, the amendment should take effect January 1, 1921. The proposed amendment was adopted by the electors of Utah at the general election held November, 1920, and therefore went into effect on January 1, 1921. In 1921, the Legislature of Utah amended the Workmen's Compensation or Industrial Act in various particulars, among such amendments being Comp. Laws Utah 1917, § 3127, which was amended to read:

"Employers who comply with the provisions of section 3114 shall not be liable to respond in damages at common law or by statute, except as hereinafter provided, for injury or death of any employees, wherever occurring." Laws Utah 1921, c. 67, § 3127.

It will not be necessary to here consider the other provisions of the Workmen's Compensation or Industrial Act, except to observe that in the instant case the applicant must recover, if at all, the compensation provided for in such act. Under the provisions of Laws Utah 1921, c. 67, § 3132, it is only in the case of an injury caused by the employer's willful misconduct that an injured employee, or, in case the injury results in death, his dependents, may recover damages in an action at law for a wrongful injury. When the injury is caused merely by the negligent act of the employer, the injured employee, or, when the injury causes death, his dependents, must be content to accept the compensation provided for by the act. No claim is here made that the injury complained of was caused by any willful misconduct on the part of the employer. If the deceased, Mariner Halling, died as the result of an injury arising out of or in the course of his employment by Henning Henderson, the rights of the applicants are the same, whether such injury was or was not caused by the negligence of Henning Henderson. Under the provisions of article 16, § 5, of the Constitution of Utah,

both before and after the amendment, the right to recover damages for injury resulting in death can never be abrogated. The addition of the words, "except in cases where compensation for injuries resulting in death is provided for by law," gave to the Legislature the power to fix the amount of compensation, but not the power to entirely abrogate compensation. Any other construction would be contrary to the well-recognized rule of construction that when possible, effect should be given to all of the language used in a statutory or constitutional provision. It therefore is beyond the power of the Legislature to take from the dependents of an employee their claim against the employer, where such employee dies as the result of a wrongful injury by the employer. Under the provisions of article 16, § 5, of our Constitution, prior to the amendment, the Legislature could neither abrogate nor limit the amount of recovery in such case, and, after the amendment, the Legislature may provide for compensation, but may not take from the dependents their rights to some compensation.

It is earnestly contended on behalf of defendants that an award under the Workmen's Compensation or Industrial Act is not made on the theory that a tort has been committed, but, on the contrary, it is on the theory that the statute giving the commission power to make an award is read into, and becomes, a part of the contract. It is true that frequently, and probably in a majority of cases, compensation is allowed without any wrongdoing on the part of the employer. But, under the Workmen's Compensation or Industrial Act, the same procedure is had, and the same amount of compensation allowed in a case where the employer is guilty of negligence resulting in an injury, as where the employer is free from any negligence. In either case the employee or his dependents are without any remedy, except to accept the compensation provided by law. As we have indicated, the right of an employee's dependents to recover for wrongful injury resulting in the death of such employee is not the result of any contract. It is a constitutional

right which cannot be denied dependents without their consent, except by a court or other judicial tribunal of competent jurisdiction after notice given and a hearing had. To hold otherwise would be depriving the applicant of property without due process of law.

"A vested right of action is property in the same sense in which tangible things are property, and is equally protected against arbitrary interference." 2 Cooley's Constitutional Limitations (8th Ed.) p. 756, and cases, cited in the footnote.

If the dependents of Mariner Halling have a right to be heard on their claim for compensation in case his injury and resulting death was caused by the negligence of his employer, then it follows that such dependents likewise have such right to be heard on their claim for injury resulting in his death, in the absence of any negligence of his employer so long as such injury and resulting death arose out of or was received in the course of the employment of the deceased. The Workmen's Compensation or Industrial Act makes no distinction between a claim based upon negligence of the employer and a claim not founded on any negligence of the employer. Prior to the enactment of Laws Utah 1921, c. 67, by both judicial construction and constitutional provision, the rights of the employee's dependents in case death resulted from wrongful injury were separate and distinct from the rights of the employee for such injury. The law has not been changed where the employer willfully injures the employee, nor in case the relation of employer and employee does not exist. We find nothing in the language of the Workmen's Compensation or Industrial Law in its present form indicating any legislative intent to change the nature of the rights of the dependents who claim compensation under the provisions of such law rather than under the law as it existed before we had a Workmen's Compensation or Industrial Act. In the main, the reasons advanced in support of the conclusions reached in the case of *Mason* v. *Union Pacific Railroad Co.*, supra,

are applicable here. We are therefore of the opinion that the wife and minor children of Mariner Halling did not, and could not, derive any claim for compensation through the deceased, but their claim is separate and independent of any claim deceased may have had during his lifetime. It is earnestly contended on behalf of defendants that, if the law is not such that Rose J. Halling and her minor children are bound by the adverse decision against Mariner Halling during his lifetime, serious consequences will result to the dependents of other employees who die as a result of injuries actually received in the course of or growing out of their employment. Our attention is called to the rule as to mutuality of judgments under which a party is not bound by a judgment in a subsequent proceeding, unless the adverse party seeking the benefit of the former adjudication would have been prejudiced if it had been determined the other way. It is thus urged that, if the widow and minor children of Mariner Halling are not to be bound by the adverse decision against the claim for compensation of Mariner Halling, they could not have taken advantage of a decision of the commission holding that Mariner Halling received an injury in the course of, or growing out of, his employment; that if the dependents may not rely upon the findings in favor of an employee during his lifetime, his dependents, after his death and consequent loss of his evidence, may find it impossible to establish a just and proper claim against the employer, if such dependents are compelled to again establish the fact that the injury arose out of or in the course of the employment of the deceased. Our attention is called to the case of *Biederzycki* v. *Farrel Foundry & Machine Co.*, 103 Conn. 701, 131 A. 739. It is there held that where the commission found that an employee was found entitled to compensation during his lifetime because of his injury, such findings "must be accepted as final and conclusive in so far as they bear upon the dependent's claim, and the only additional facts which must be established by the dependent are, first, the death of the employee, second,

dependence upon him, and third, the causal connection between the injury for which he was awarded compensation, and his death." The quotation is from the syllabus.

It is insisted that, by reason of the rule as to mutuality of judgments, if, as was held in the case of *Biederzycki* v. *Farrel Foundry & Machine Co.*, supra, the employer was bound by the former adjudication on a subsequent application of the dependents, likewise the dependents should be bound where the decision is adverse to the employee during his lifetime.

This court, in the recent case of *Taylor* v. *Barker, District Judge,* 262 P. 266, had occasion to apply the rule as to mutuality of judgments with results such as are contended for by the defendants in this proceeding, but, as indicated in the case of *Taylor* v. *Barker,* supra, there are exceptions to the rule. 1 Freeman on Judgments (5th Ed.) § 439, p. 935, in discussing the rule as to mutuality of judgments, has the following to say:

"The rule of mutuality is itself based upon policy and practical necessity and justice, as is the whole doctrine of res judicata, and on the same grounds of policy and justice there would seem to be no objection to departing from it where the party affected has been given one adequate opportunity to be heard either personally or by representation."

In the case of *Biederzycki* v. *Farrel Foundry & Machine Co.,* supra, the defendant had been given one opportunity to be heard, but the applicants in this case were in no sense given any opportunity to be heard in the proceedings had upon the application of Mariner Halling. The applicants in the instant case were entire strangers, in a legal sense, to the proceedings had upon the application of Mariner Halling. They may or may not have known of the former proceeding. It is clear that they had no right to control the former proceedings, nor to produce or cross-examine witnesses, nor to appeal from the judgment rendered, nor to prevent Mariner Halling from filing or refusing to file his application for compensation.

While a court, or commission exercising judicial functions, may, upon grounds of public policy, limit a person to one opportunity to be heard in a proceeding affecting such person's property rights, neither a court nor other judicial tribunal may deny a person a constitutional right or deprive such person of a vested interest in property without any opportunity to be heard. To do so constitutes taking of property without due process of law. The conclusions reached in the case of *Biederzycki* v. *Farrel Foundry & Machine Co.*, supra, are not necessarily inconsistent with the views herein expressed.

From what has been said, we do not wish to be understood as holding that, where an employee, during his lifetime, recovers a judgment for compensation for an injury arising out of or in the course of his employment, his dependents, after his death, may rely upon such judgment as being binding upon the employer. This question is not before us in this proceeding, and we reserve expressing any opinion in such case until the question is properly presented for our determination.

What we do hold is that, under the Workmen's Compensation or Industrial Laws of this state, Rose J. Halling and her minor children have a right to be heard on their application for compensation after the death of Mariner Halling. The fact that Mariner Halling, during his lifetime, was denied compensation because, as found by the commission, the injury did not occur, is in no way binding upon the applicants in this proceeding. The order dismissing the application of Rose J. Halling and her minor children for compensation is reversed, and this cause is remanded back to the Industrial Commission, with directions to hear and determine the application herein without regard to the decision rendered upon the application of Mariner Halling.

THURMAN, C. J., and CHERRY, STRAUP, and GIDEON, JJ., concur.