No. 13013

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Plaintiff and Appellant,

-vs-

JAMES P. LEARY, et al.,

Defendant and Respondent.

---

Appeal from: District Court of the Second Judicial District,
Honorable James D. Freebourn, Judge presiding.

Counsel of Record:

For Appellant:

McKeon and Skakles, Anaconda, Montana
Michael McKeon argued, Anaconda, Montana

For Respondent:

Scanlon and Connors, Anaconda, Montana

Joseph C. Connors argued, Anaconda, Montana

---

Submitted: November 4, 1975

Decided: DEC 3 0 1975

Filed: DEC 3 0 1975

Thomas J. Kearney
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from an order of the district court, Silver Bow County, granting a summary judgment in an action to declare the rights and duties of an insurance company.

On July 27, 1973, Herman and Sylvia Meyers, husband and wife, were involved in an automobile accident approximately ten miles south of Butte, Montana. Herman Meyers was driving the automobile, with Sylvia Meyers as a passenger. Through the alleged negligence of Herman Meyers, their automobile collided with another motor vehicle, killing Herman Meyers instantly. Sylvia Meyers survived for eleven days, dying on August 7, 1973, as a result of injuries received in the accident.

Two suits were filed in district court. The first suit was a separate cause of action by Edward Meyers, the son of Herman and Sylvia Meyers, against Herman Meyer's estate, for the wrongful death of Sylvia Meyers. The second suit was by Jack M. Scanlon, administrator of the estate of Sylvia Meyers, for medical, hospital and funeral expenses and for pain and suffering. Both suits were based on the alleged gross negligence of Herman Meyers in the operation of the automobile.

After the commencement of these suits, James P. Leary, administrator of Herman Meyers' estate, tendered the suit papers to the insurance company to provide a defense under the terms of the automobile liability policy issued to Herman Meyers. The insurance company subsequently filed a complaint seeking a declaratory judgment as to its rights and duties under the in-surance policy.

After the answer was filed, all parties moved for a summary judgment. The district court granted respondents' motion and denied appellant's motion. The applicable portions of the summary judgment provide:

"IT IS ORDERED that the death of Plaintiff's

> insured Herman H. Meyers, prior to the death
> of his surviving spouse terminated the marital
> relationship and the insurance policy defense
> [interfamily immunity exclusion] relied upon
> by the Plaintiff as a matter of law.
>
> "IT IS FURTHER ORDERED that the insurance policy
> defense based upon the interfamily immunity
> doctrine relied upon by the plaintiff is void as
> contra to the public policy of this state and is
> discriminatory."

The order also required the insurance company to defend the estate of Herman Meyers against claims of the son and the claim of the estate of Sylvia Meyers, and to pay up to its policy limits any amounts it might become obligated to pay as a result of this accident.

The insurance company appeals from this summary judgment.

We have been asked to review the interfamily tort immunity doctrine as applied in Montana, and determine whether it is void as contrary to public policy.

This Court in State ex rel. Angvall v. Dist. Ct., 151 Mont. 483, 484, 444 P.2d 370, has always followed the rule that:

> " * * * a wife may not maintain an action
> against her husband for personal injuries
> [inflicted] upon her by her husband while
> they are married."

This position was first declared in Conley v. Conley, 92 Mont. 425, 15 P.2d 922, and was reaffirmed in Kelly v. Williams, 94 Mont. 19, 21 P.2d 58, and Angvall.

This rule is based on the common law rule prohibiting suits between husband and wife. Respondents ask that this Court reject the common law doctrine as being opposed to the public policy. The Oregon Supreme Court faced with a similar request regarding interfamily tort immunity in Smith v. Smith, 205 Or. 286, 287 P.2d 572, 578, held:

> "The question presented is, therefore, whether
> this court should in a case of this kind express
> its own conclusions as to the public policy of
> the state relative to this issue. In that con-
> nection we recognize that when the public policy

of the state is clearly expressed by statute,
it will control, and that in general, questions
of public policy are primarily, though not ex-
clusively, for legislative determination."

The Montana Legislature has enacted statutes granting a married woman the right to prosecute and defend actions in her own name (section 36-110, R.C.M. 1947) and sue or be sued as though she were sole (section 36-128, R.C.M. 1947). Respondents argue these statutes modify the common law doctrine so as to allow tort suits between husband and wife. We do not agree. We believe the United States District Court for the District of Montana, in Dutton v. Hightower and Lubrecht Construction Co., 214 F.Supp. 298, 300, was correct in stating these statutes

" * * * are procedural and create no new rights, but only remove the common law disability of married women to enforce their rights otherwise created or existing."

The District of Columbia Married Woman's Act was similarly viewed in Thompson v. Thompson, 218 U.S. 611, 31 S.Ct. 111, 54 L Ed 1180, 1182, wherein the Supreme Court stated:

"The statute was not intended to give a right
of action as against the husband, but to allow
the wife, in her own name, to maintain actions
of tort which, at common law, must be brought
in the joint names of herself and husband."

The intervening death of Herman Meyers would not end the tort immunity as the cause of action arose during coveture, which is the critical time for imposition of the doctrine and defense. Angvall, supra.

Respondents cite the minority rule allowing interspousal tort actions by judicial modification of the common law rule, as stated in Mosier v. Carney, 376 Mich. 532, 138 N.W.2d 343, and citations contained therein. See, also, Karell, Toward Abolition of Interspousal Tort Immunity, 36 Mont.L.Rev. 251. We do not believe this is an area requiring judicial modification of the common law to prevent great injustice. This is a question

of public policy best left to the legislative branch of government which is the proper body to determine and set forth public policy.

Respondents argue that their rights to recover as/personal representative of the deceased and as son of the deceased are independent of the potential cause of action by Sylvia Meyers against Herman Meyers and are not barred by the interfamily tort immunity doctrine.

Section 93-2824, R.C.M. 1947, provides:

"An action, or cause of action, or defense, shall not abate by death, or other disability of a party, or by the transfer of any interest therein, but shall in all cases, where a cause of action or defense arose in favor of such party prior to his death, or other disability, or transfer of interest therein, survive, and be maintained by his representatives or successors in interest; and in case such action has not been begun or defense interposed, the action may be begun or defense set up in the name of his representatives or successors in interest * * *".

This statute gives a derivative right of action to the representative as the language "where a cause of action or defense arose in favor of such party prior to his death" clearly indicates. The West Virginia Supreme Court in Wright v. Davis, 132 W.Va. 722, 53 S.E.2d 335, 336, said of such a statute:

" * * * this statute gives a right of action to the personal representative of the deceased only in case the deceased might have maintained an action, but failed to do so, against a defendant who is liable for damages."

Sylvia Meyers could not have maintained a cause of action prior to her death due to the interfamily tort immunity doctrine, therefore no cause of action could flow to her personal representative. The husband's personal representative would be able to avail himself of the defense of interfamily tort immunity, because the defense arose prior to his death, therefore it survived his death.

The son claims wrongful death damages under

section 93-2810, R.C.M. 1947:

> "When the death of one person, not being a minor, is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death * * *."

If the son can recover wrongful death damages under the statute, he would have a right superior to what the mother had during her lifetime. This Court has held in Melville v. Butte-Balaklava Copper Co. 47 Mont. 1, 12, 130 P. 441, quoting from Northern Pac. Ry. Co. v. Adams, 192 U.S. 440, 24 S.Ct. 408, 48 L Ed 513, regarding workmen's compensation recoveries for wrongful death:

> "' * * *It cannot be that, if the death was caused by a rightful act, or an unintentional act with no omission of duty owing to the decedent, it can be considered wrongful or negligent at the suit of the heirs of the decedent. They claim under him, and they can recover only in case he could have recovered damages had he not been killed, but only injured. The company is not under two different measures of obligation--one to the passenger and another to his heirs. * * *"

See also, Fisher v. Msla. White Pine v. Mich. Mut. Co., 164 Mont. 41, 518 P.2d 795.

In the instant case, Sylvia Meyers could not recover for injuries should she have lived, therefore her son cannot recover for wrongful death due to the fact she died.

The husband's insurer, appellant here, contends the district court erred in finding the household exclusion in the husband's automobile liability insurance policy was void as being contra to public policy.

The policy provides:

> "This insurance does not apply under Coverage A to Bodily injury to any insured or member of the family of the insured residing in the same household as the insured."

If this Court had found the doctrine of interfamily tort immunity to be void, the validity of the policy provision would

- 6 -

require further examination. Since we have held the doctrine remains valid in Montana, the underlying basis for the household exclusion remains valid.

The household exclusion, on its face, has been held by this Court as not being against public policy in Lewis v. Mid-Century Ins. Co. 152 Mont. 328, 449 P.2d 679. We reaffirm that holding.

The insurance company is not liable to the estate of Sylvia Meyers, thus it has no duty to defend her claim against the estate of Herman Meyers, nor to defend the claim of the son against the estate of Herman Meyers. The duty of the insurance company to defend is limited only to those facts which are part of the covered risk. Atcheson v. Safeco Insurance Co., 165 Mont. 239, 527 P.2d 549, 31 St.Rep. 839. In the instant case the facts set forth in the complaint are excluded from the covered risk by the household exclusion, therefore the insurance company has no duty to defend.

The order of the district court is reversed. The cause is remanded to the district court with directions to enter an order consistent with this opinion.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

- 7 -