William S. HULL, Administrator on behalf of the heirs of Marilyn Hull Silver, Plaintiff and Appellant,

v.

Larry Richard SILVER, Administrator of the Estate of Lynn R. Silver, C. W. Silver Company, Inc., and Silco Corporation, a corporation, Defendants and Respondents.

No. 15034.

Supreme Court of Utah.

March 9, 1978.

J. Douglas Kinateder, Salt Lake City, for plaintiff and appellant.

Glen C. Hanni, of Strong & Hanni, H. Wayne Wadsworth, Alan F. Mecham, of VanCott, Bagley, Cornwall & McCarthy, Salt Lake City, for defendants and respondents.

MAUGHAN, Justice:

On appeal is a judgment of the district court granting defendants' motion for summary judgment. We reverse and remand for trial. Costs to plaintiff. All statutory references are to U.C.A.1953, except as otherwise provided.

On June 22, 1972, Lynn R. Silver, his wife Marilyn Hull Silver and another couple were flying in an aircraft piloted by Lynn R. Silver. The aircraft crashed killing all on board. Plaintiff, administrator of the estate of Marilyn Hull Silver, on behalf of Mrs. Silver's heirs, filed a wrongful death action against the estate of Lynn R. Silver. Plaintiff alleged the negligent operation of the aircraft by Mr. Silver caused the crash and resulting death of Mrs. Silver.

The trial court granted defendants' motion for summary judgment based on the common law doctrine of marital tort immunity. This Court recognized that doctrine in *Rubalcava v. Gisseman*,[1] where we stated a wife cannot maintain a tort action against her husband since "it should be the purpose of the law to protect family solidarity . . . ."

Here, however, we are confronted with facts which distinguish this case from *Rubalcava*. Here, both spouses are dead, the conventional family unit has been destroyed, and a wrongful death action has been brought by the heirs. Thus, there is no marital harmony that needs protection, and there is no possibility of collusion.

Under 78–11–7 when the death of an adult is caused by the wrongful or negligent act of another, the heirs or the personal representative of the heirs may bring an action for damages against the person causing the death. This Court in *Van Wag-*

---

1. 14 Utah 2d 344, 384 P.2d 389 (1963).

oner v. Union Pac. R. Co.[2] interpreted the statute [3] and held it to create "a new cause of action for the loss suffered by the heirs by reason of death, and [the action] only comes into existence upon the happening of death."[4] The action is not derivative. Thus, when heirs or a personal representative bring an action under the Utah wrongful death statute [5] such an action is not subject to the defense of interspousal tort immunity.

In making a rejoinder to the dissent, it need only be observed that the majority opinion has for its foundation the following impeccable credentials.

There was an initial wrongful death enactment in 1874.[6] In section 2961 the action was limited to those circumstances where if death had not ensued, the party injured would have been entitled to maintain an action and recover damages. Section 2962 permitted only the personal representative of the deceased to bring the action, the recovery was distributed by a decree of the probate court, to the exclusion of creditors, and damages were expressly limited to $10,000.

In 1884, as part of the Code of Civil Procedure, Section 3179 went into effect.[7] This section provided:

When the death of a person not being a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or if such person be employed by another person who is responsible for his conduct, then also against such other person. In every action under this and the preceding section, such damages may be given as under all the circumstances of the case may be just.

Except for a few minor refinements, the present statute, Sec. 78–11–7, U.C.A.1953, has the same language as Sec. 3179. Significantly both Sec. 2961 and Sec. 3179 appear in Volume II, Comp.Laws of Utah 1888; the latter section was not retroactive, Sec. 2986, which is one possible reason that the earlier enactment was not repealed at that time.

Section 3179 was retained after statehood as Sec. 2912, Rev.Stats. of Utah 1898, as it complied with Art. XVI, Sec. 5, Constitution of Utah.

In 1890, while the two somewhat inconsistent provisions (Sec. 2961 and Sec. 3179) were in effect, this Court interpreted them together in Mason v. Union Pacific Railway Company.[8]

. . . The wife or children do not succeed to the husband's or father's cause of action; that dies with him. But, immediately upon his death, a new cause of action arises in their favor. The statute then gives them a new cause of action. It does not revive or continue the husband's or father's cause of action. . .

. . . The wrongful act caused the death of Mason, but his death in turn must be regarded in a legal sense as causing the injury to the heirs. The injury to the decedent from defendant's wrongful act, the law made actionable. And the injury to his heirs from his death caused by that wrongful act, the statute also made actionable. . . .[9]

This Court elaborated on this concept in Van Wagoner v. Union Pacific R. Co.:[10]

. . . The right of action running to the appellants in this case is founded

---

2. 112 Utah 189, 186 P.2d 293 (1947). See also *Halling v. Industrial Comm'n of Utah*, 71 Utah 112, 263 P. 78 (1927).

3. Sec. 104–3–11, U.C.A.1943. The language in the 1943 and 1953 revisions of the code is identical.

4. 186 P.2d at 303.

5. 78–11–7.

6. Secs. 2961, 2962, Vol. II, Comp.Laws of Utah 1888.

7. See Sec. 3179, Vol. II, Comp.Laws of Utah 1888.

8. 7 Utah 77, 24 P. 796 (1890).

9. At pp. 81–83 of 7 Utah, at 797 of 24 P.

10. 112 Utah 189, 209, 186 P.2d 293, 303 (1947).

on the same unlawful acts of the defendant, but the loss and damages suffered by them arise out of the death of the deceased. The legislature has thus said the right of action vests in the heirs-at-law if death ensues but it does not say the rights of the third parties are modified, altered, or changed. On the contrary, it bases recovery on the wrongful death by another *and wrongful is used in the sense of wrongful as against the deceased, and does not include those situations where the deceased solely or proximately contributes negligently to his own death.* . . . [Emphasis added.] [11]

This Court's concept of wrongfulness, as set forth in *Van Wagoner*, in combination with the legislative determination, since statehood, to make no reference in the statute as to the necessity that decedent should have been able to maintain the action, if he had lived, provides the theoretical basis to follow the precedent set forth in *Johnson v. Ottomeier.*[12]

In the *Johnson* case, as here, the issue was whether the personal representative of the wife's estate had a cause of action against the husband's estate under the wrongful death statute.

The defendant urged that since a wife cannot sue her husband for a tort committed against her during coverture, such a defense is available to the estate of the tortfeasor under the rule that in a wrongful death action, the defendant is entitled to the benefit of all the defenses he would have had to an action by the deceased had she lived. The court stated that in its view this exclusionary rule had no application to defenses based upon personal disability to sue, as distinguished from defenses which inhere in the tort, or which are based upon decedent's course of conduct after the injury and before death.

The court explained that the decisions in which it had announced and applied the

rule of exclusion fell into two categories. First, it was applied in those cases in which the defense asserted inhered in the tort itself.

The statutory basis for recognizing defenses of this character is to be found in the word 'wrongful', as used in the statute. If the tortfeasor breached no duty owing to decedent, or if decedent proximately contributed, through consent, negligence, or unlawful acts, to his own injury, it is reasonable to say that his death was not wrongful in the contemplation of the statute. [Citations]

The court cited *Upchurch v. Hubbard*, 29 Wash.2d 559, 188 P.2d 82, wherein a defense in a wrongful death action was based on the host-guest statute.

The court stated:

. . . The defense there urged is statutory in character, rather than being based upon common-law principles. It does, however, pertain to the tortfeasor's duty of care, rather than to any matter of personal disability. For this reason, Upchurch is properly to be regarded as falling within the category referred to above.

The second category of cases in which this general rule of exclusion has been applied involves situations in which, after receiving the injuries which later resulted in death, the decedent pursued a course of conduct which makes it inequitable to recognize a cause of action for wrongful death. . . .

The court cited cases where decedent gave an effective release and satisfaction or where the statute of limitations had run prior to decedent's death.

The court then considered whether the statutory language or a principle of law or equity would warrant recognition of the wife's personal disability to sue her husband

---

**11.** This page is also quoted in the dissent but the last sentence quoted by the dissent was deleted in the application for rehearing, see 112 Utah 218–219, 189 P.2d 701 (1948) and the following was substituted: "Under the facts of this case the right to proceed against the wrongdoer is subject to the defense of contributory negligence." The language on which the dissent relies does not exist.

**12.** 45 Wash.2d 149, 275 P.2d 723 (1954).

as a defense against her personal representative's action for wrongful death.

The court initiated its analysis with an acknowledgment that the statute was remedial in nature and should be liberally construed. The statute was recognized as giving the personal representative or heirs on their behalf, a new right of action. The court stated:

> Not having as its basis a survival statute, the action for wrongful death is derivative only in the sense that it derives from the wrongful act causing the death, rather than from the person of the deceased. [Citations] Needless to say, the wife's disability to sue is personal to her, and does not inhere in the tort itself. [Citations]
>
> The wife's personal disability necessarily disappears with her death, and hence is not transferable to the personal representative, who has a new cause of action.
>
> . . .

The court stated that whether the disability is based on the supposed unity of husband and wife or the public policy to preserve peace and tranquility in the home, the reason for immunity ceases to exist upon death.

The court cited and discussed cases which had reached a similar conclusion. Finally the court cited the fact that the legislature had removed the language from an earlier enactment which had limited the right of action to cases where the decedent might have maintained an action had he lived.

The case of *Francis v. Southern Pacific Co.* (dissent, footnote 7) was not cited: First, for the reason we are not bound by the federal decision. Second, no Utah cases were cited to sustain its conclusion—there were not any which could do so. That part of *Francis* quoted by the dissent is supported only by federal law.[13] Third, upon

affirmance by the United States Supreme Court, the court there said there was no room for the operation of *Erie R. Co. v. Tompkins*,[14] because the decision depended on the application of federal law.[15]

As to the claim the legislature should make any change and not this Court, it can only be said the majority opinion makes no change. It is in consonance with our wrongful death statute, since even prior to statehood.

Under Utah law Francis could have recovered. It was only because *Erie R. Co. v. Tompkins* was not applied, and federal law was that the remedy was denied.

ELLETT, C. J., and WILKINS, J., concur.

HALL, Justice: (dissenting).

I respectfully dissent.

The majority opinion correctly observes that a wrongful death action is not a derivative suit and admittedly it is an independent cause of action whereby the heirs seek recovery for the loss of support and companionship of the decedent rather than for decedent's actual injuries and any resultant pain and suffering.[1] However, that is not the sole consideration or analysis necessary to meet the issue presented.

The original Utah wrongful death statute provided that an action could be maintained against one causing the wrongful death of another only if the deceased could have maintained the action had he or she survived.[2] Subsequent versions of the statute [3] deleted that particular provision, which led the court to find that rather than being derivative, a wrongful death action is a new action. The majority opinion aptly cites *Van Wagoner v. Union Pacific Rail-*

---

13. 162 F.2d 813 (10 Cir.)

14. 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

15. 333 U.S. 445, 450, 68 S.Ct. 611, 92 L.Ed. 798.

1. See 22 Am.Jur.2d, Death, Sec. 12, 13.

2. Chapter 11 (1874) Laws of Territory of Utah 9, II Compiled Laws of Utah, Sec. 2961 (1888) (repealed 1898).

3. Present statute is found in U.C.A., 1953, 78–11–7.

*road Company*,[4] but fails to observe that in giving the statute that interpretation, the court was careful to point out in the following language that the rights of the beneficiaries remain contingent upon the rights of the decedent:

> . . . This court is of the opinion the legislature did not intend to change the rules of substantive law and deny the litigants the right to defend on the ground of contributory negligence. For the purposes of this suit, all that Section 104–3–11, U.C.A.1943 [former statute], grants to the heirs is a right to proceed against the wrongdoers subject to the defenses available against the deceased, had he lived and prosecuted the suit.[5]

Subsequently, in denying a petition for rehearing, the court narrowed its decision somewhat and substituted the following for the last sentence of the above citation: "Under the facts of this case the right to proceed against the wrongdoer is subject to the defense of contributory negligence."[6] The court made this change when its attention was called to the fact that the former language might be construed to be overbroad in deciding issues not involved in that case, i. e. other defenses conceivably available against a decedent. That issue is now squarely before the court and should be properly decided.

The Utah wrongful death statute was interpreted by the Tenth Circuit Court of Appeals to preclude suit by heirs where a deceased person could not have maintained such suit wherein it explained the principle as follows:

> . . . [E]ven though it is a separate and distinct action which arises on the death of the decedent, the foundation of the right of action is the original wrongful injury to the decedent. And it is essential to the maintenance of the action that the wrongful act or default be of such character that the decedent could have maintained an action to recover damages for his injury if death had not ensued. While it is not a derivative action in the ordinary meaning of the term, recovery cannot be had unless the decedent could have recovered damages for his wrongful injury if he had survived. [Cases cited.][7]

In light of the foregoing pronouncements, it is evident that all defenses available against the deceased extend to her heirs, including that of interspousal immunity.[8]

The Utah law is settled that a wife cannot maintain a tort action against her husband or his estate.[9] Consequently, at the time of her death, Mrs. Silver had no cause of action and the rights of her heirs cannot be superior to her own. A tortfeasor should not be under two different measures of obligation—one to the injured party and another to her heirs.

If any change is to be made in the law it should be by legislative enactment rather than by judicial fiat.

The trial court's summary judgment for defendant should be affirmed.

CROCKETT, J., concurs in the views expressed in the dissenting opinion of HALL, J.

---

**4.** 112 Utah 189, 186 P.2d 293 (1947).

**5.** Id. at 112 Utah 209, at 186 P.2d 304.

**6.** 112 Utah 218, 189 P.2d 701 (1948).

**7.** *Francis v. Southern Pac. Co.*, 162 F.2d 813 (10th Cir. 1947), aff'd 333 U.S. 445, 68 S.Ct. 611, 92 L.Ed. 798 (1948).

**8.** *State Farm Mut. Auto. Ins. Co. v. Leary*, 168 Mont. 482, 544 P.2d 444 (1975).

**9.** *Rubalcava v. Gisseman*, 14 Utah 2d 344, 384 P.2d 389 (1963).