[No. 35485. Department One. January 12, 1961.]

ROBERT M. BARKWILL et al., Appellants, v. ERIC W. ENGLEN, JR., Defendant, OHIO FARMERS INDEMNITY CO., Respondent.[1]

[1]Reported in 358 P. (2d) 317.

*Corbett, Siderius & Lonergan,* for appellant.

*Brethorst, Fowler, Bateman, Reed & McClure* and *Roy J. Moceri,* for respondent.

OTT, J.—Eric W. Englen, Jr., a soldier in the United States Army was the owner of a 1949 Buick sedan. His public liability and property damage insurance contract was with the Ohio Farmers Indemnity Company (hereinafter referred to as the insurer). The contract provided, *inter alia,* that the insurer promised

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile."

The contract also contained a "STUDENT AND SERVICEMEN'S ENDORSEMENT" which provided:

"As a condition of the company's issuance of this policy, the insured consents and agrees with the company that *such insurance as is afforded by this policy* for bodily injury liability, for property damage liability and for medical payments applies subject to the following provisions:
"1. *The insurance does not apply* to the use of any automobile while being driven or operated by any person other than
"(a) the named insured or a member of his immediate family; . . ." (Italics ours.)

April 14, 1958, Englen loaned his automobile to Bradley Gilbert, who was not a member of Englen's immediate family. While Gilbert was driving the automobile, it collided with one belonging to Robert M. Barkwill and Mary L. Barkwill, his wife.

Robert M. Barkwill and his wife instituted an action to recover from Eric W. Englen, Jr., as owner of the automobile, for the damages they sustained. Englen defaulted, and the Barkwills were granted judgment. Thereafter, the Barkwills commenced this garnishment proceeding against the insurer, contending that the insurer was indebted to Englen by virtue of its contract.

From a judgment dismissing the garnishment proceeding with prejudice, the Barkwills appeal.

Appellants assert four assignments of error, all of which relate to the single question of whether, under the facts of this case, the court erred in finding no liability on the part of the insurer.

Appellants' principal contention is that Englen's ownership of the automobile and his negligent entrustment of it to Gilbert constituted an insured risk "arising out of the ownership . . . of the automobile."

■ In considering what constitutes an insured risk in an insurance contract, we are concerned with the following essential elements: (1) The nature of the injury, (2) how the injury occurred, and (3) the provisions of the contract which establish liability on the part of the insurer for the injury as it occurred. *Bruener v. Twin City Fire Ins. Co.*, 37 Wn. (2d) 181, 222 P. (2d) 833, 23 A. L. R. (2d) 385 (1950); *Fenton v. Poston*, 114 Wash. 217, 195 Pac. 31 (1921); *Perkins v. Becker*, 236 Mo. App. 786, 157 S. W. (2d) 550 (1942).

The facts and the contract in the instant case establish that (1) the nature of the injury was an automobile collision, (2) the collision occurred while the automobile was being operated by Bradley Gilbert, and (3) the contract provided that

"As a *condition* of the company's issuance of this policy . . . *such insurance as is afforded by this policy* . . .

" . . . *does not apply* to the use of any automobile while being driven or operated by any person other than

"(a) the named insured or a member of his immediate family . . . " (Italics ours.)

 Gilbert was not the named insured or a member of the named insured's immediate family. The above-quoted provisions of the contract between the insured and the insurer suspended "such insurance as is afforded by this policy" during the time that the automobile was being operated by Gilbert. When a contract of insurance is suspended at the time a collision occurs, there can be no insured risk because there is no contract. *Perkins v. Becker, supra.*

 Appellants' final contention is stated in their brief as follows:

" . . . We do urge that this court adopt the rule adopted by the California court that public policy requires that owners of motor vehicles be financially responsible to those injured in the operation of such vehicles and that the financial responsibility and safety responsibility laws must be a part of every policy of motor vehicle liability insurance issued by an insurance carrier authorized to do business in this state."

It is not the function of the judiciary of this state to determine public policy as it relates to this subject. That function rests exclusively with the legislative branch of our government. Our legislature has not enacted a compulsory financial responsibility law applicable to the owners and operators of motor vehicles. Appellants' request for such legislation and the pronouncement of public policy should be addressed to the legislature.

The judgment is affirmed.

WEAVER, C. J., MALLERY, DONWORTH, and HUNTER, JJ., concur.

April 14, 1961. Petition for rehearing denied.