[No. 15-40109-3.    Division Three.    November 26, 1969.]

St. Paul Fire and Marine Insurance Company, *Appellant,*
v. The Circle Bar J Boys' Ranch, Inc., *et al.,*
*Respondents.*

*Lawrence Monbleau* (of *Cashatt, Williams, Connelly & Rekofke*), for appellant.

*Howard K. Michaelson, John G. Layman, Brian B. Kennedy,* and *Daniel W. Giboney,* for respondents.

Munson, J.—St. Paul Fire and Marine Insurance Company, plaintiff, appeals from a declaratory judgment which held it was obliged: (1) to defend defendant Circle Bar J Boys' Ranch, Inc., hereinafter referred to as though it were the sole defendant, against litigation which might arise as a result of an accident of September 17, 1965; and (2) to pay any sums, subject to the policy's limits, adjudged to be owing any person arising from injuries suffered by William Meese in said accident.

In December of 1964, the defendant, a foster home for delinquent boys, purchased from plaintiff a 3-year comprehensive general and automobile liability insurance policy. Only two portions thereof were potentially applicable to the instant case: (1) Coverage A, under which the pol-

icy insured defendant for liability imposed from the ownership, maintenance or use of its automobiles; and (2) Coverage B, which insured defendant for liability imposed from other than the ownership, maintenance or use of automobiles. Attached to the policy was the following endorsement:

IT IS AGREED THAT THE INSURANCE AFFORDED BY THIS POLICY SHALL NOT APPLY WITH RESPECT TO ANY CLAIM ARISING FROM ACCIDENTS WHICH OCCUR WHILE ANY AUTOMOBILE IS BEING OPERATED BY ANY PERSON UNDER 25 YEARS OF AGE.

On September 17, 1965, upon a public highway approximately 3 miles from the premises of defendant, its employee, Lloyd Woleslagel, age 21, was driving the insured's 1954 pickup truck equipped with a plywood canopy mounted over its bed. The canopy, which formed a part of this vehicle, had benches on each side on which passengers could be seated and was used in transporting defendant's wards. William Meese and another juvenile ward were riding in the truck, under this canopy, as it proceeded towards Spokane, Washington, on ranch business. The canopy came loose and, while the two boys were attempting to attract Woleslagel's attention, fell off the truck, taking Meese with it, to his injury. At the trial it was established that the canopy had been improperly assembled and mounted on the truck bed a short time prior to its departure from the premises of defendant.

The evidence clearly establishes defendant was aware of the policy's restrictive endorsement pertaining to age. At the time of issuance of the policy defendant had no employees under the age of 25 years. However, it was defendant's interpretation that the exclusion referred only to its wards, whose age span was from 15 to 18 years of age, and not its employees. Mike Wiley, the original founder of the ranch and the person in charge of its daily operation, admitted that the management committee's interpretation was not the result of any conversations or discussions with either the agent through whom the policy was procured or any representative of the plaintiff.

■ As to Coverage A, the language of the endorsement is clear and unambiguous. Its terms will be given their plain and ordinary meaning. *Handley v. Oakley,* 10 Wn..2d 396, 408, 116 P.2d 833 (1941). The endorsement makes no distinction between wards and employees.

The Supreme Court, in *Barkwill v. Englen,* 57 Wn.2d 545, 358 P.2d 317 (1961), construing a similar endorsement, held that during the time an insured vehicle was being operated by one who was within the prohibition of such an endorsement, the insurance coverage was suspended. Therefore, the protection of defendant under Coverage A was suspended and inoperative at the time of the accident because the vehicle was being operated by someone under the age of 25 years.

■ Whether the defendant is to be indemnified for any ensuing liability as a result of the September 17th accident depends upon the applicability of Coverage B, *i.e.* protection from liability imposed from other than the ownership, use, and maintenance of automobiles. However, the policy also contained the following additional exclusionary provision:

This Policy does not apply:

. . .

(g) under Coverages B . . . . :

    (1) . . . to the ownership, maintenance or use including loading or unloading, of (1) automobiles while away from premises (or the ways immediately adjoining) owned, rented or controlled by the Insured;

The trial court found the cause of the accident to be the improper assembling and mounting of the canopy upon the pickup, and specifically not to be due to the age of the driver nor the manner in which the vehicle was being driven. Accepting these findings as true, the acts of assembling and mounting took place on the premises of the defendant, whereas the accident and injuries occurred off those premises. It is the place where the accident occurs, and not the place where the negligent commission or omis-

sion occurs, which controls the insurer's liability under such exclusionary language as is set forth in section (g) (1). *Jeffries v. General Cas. Co.*, 46 Wn.2d 543, 283 P.2d 128 (1955.) Coverage B is excluded under section (g) (1).

Judgment of the trial court is reversed.

EVANS, C. J., and GREEN, J., concur.

Petition for rehearing denied January 8, 1970.