[No. 42072. En Banc. December 9, 1971.]

HERSHEL ROYSE et al., *Appellants*, v. CHRISTIAN BOLDT, *Defendant*, CANAL INSURANCE COMPANY, *Respondent*.

*Garver & Garver,* by *Robert W. Garver,* for appellants.

*Charles T. Mertsching* (of *Walstead, Mertsching, Huse-moen & Donaldson*), for respondent.

NEILL, J.—This is a garnishment action seeking to establish automobile liability insurance coverage. In the primary action, plaintiffs had obtained judgment against defendant, Mr. Boldt, for personal injuries and property damage arising out of an automobile accident. In that action, the jury specifically found that Mr. Boldt was not driving at the time of the accident. The automobile, owned and occupied by Mr. Boldt, was found to have been driven at that time by a Mr. Smith at Mr. Boldt's specific request and direction.

In this garnishment proceeding, the trial court observed that the insurance policy in question specifically, and in bold-faced type, excludes coverage for any accident occurring while an insured automobile is being operated by any driver other than the named insured (Mr. Boldt), a resident member of his household, or a driver specifically named in that portion of the policy. The driver in the accident in question, Mr. Smith, is within none of these categories. The trial court ruled that this "driver limitation" clause does not violate the public policy of this state as expressed by the legislature in the financial responsibility statute (RCW 46.29), and that said clause is not forestalled by those other policy terms which automatically effect compliance with any applicable state financial responsibility laws for which the policy is certified.

Plaintiffs' appeal from the latter ruling may be disposed of summarily. The record discloses that the policy in ques-

tion had not, prior to this accident, been certified as proof of financial responsibility under RCW 46.29. Therefore, the automatic compliance terms of the policy were not operative in this case.

█ It is undisputed that, at the time of this accident, Mr. Boldt was not subject to the requirements of our financial responsibility statute (RCW 46.29) and that his insurance coverage was a matter of voluntary contract. We have previously upheld the validity and enforceability of driver limitation clauses as such. *Barkwill v. Englen,* 57 Wn.2d 545, 358 P.2d 317 (1961).

The specific question presented in the case at bar is whether "driver limitation" clauses in automobile liability insurance not certified for purposes of the financial responsibility act, RCW 46.29, specifically RCW 46.29.490(2)(b), are rendered ineffective by reason of that act. The terms of the financial responsibility statute do not require that all drivers meet the statutory requirements. The statute speaks in terms of "proof of financial responsibility for the future," and defines that phrase in terms of "accidents occurring subsequent to the effective date of said proof . . ." RCW 46.29.260. The statute does not impose its requirements as to proof of financial responsibility until the occurrence of certain accidents, convictions or bail forfeitures. RCW 46.29.250; RCW 46.29.060-.080. Thus, the terms of the statute were not in effect for purposes of this case at the time of the accident.

Plaintiffs suggest that this court should, on its own initiative, expand the applicability of RCW 46.29 to all automobile liability insurance contracts as a matter of public policy. It is not for us to agree or disagree with this argument. Our response has already been expressed in *Barkwill v. Englen, supra* at 548:

It is not the function of the judiciary of this state to determine public policy as it relates to this subject. That function rests exclusively with the legislative branch of our government. Our legislature has not enacted a compulsory financial responsibility law applicable to the owners and operators of motor vehicles [who are not, by

statutory provision, required to submit "proof of financial responsibility for the future"]. Appellants' request for such legislation and the pronouncement of public policy should be addressed to the legislature.

In view of the above disposition, we need not reach the other contentions of the parties.

Judgment affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, STAFFORD, SHARP, and WRIGHT, JJ., concur.