CYNTHIA GROUBY, et al.

v.

SAID ABDALLAH and AMERICAN HOME ASSURANCE CO.,
CYNTHIA GROUBY, LIVINGSTON GROUBY, LYDIA GROUBY,
WENRICK GROUBY, and DENZILLE MILLS, Appellants

CYNTHIA GROUBY, et al.

v.

SAID ABDALLAH and AMERICAN HOME ASSURANCE CO.
SAID ABDALLAH, Appellant

## Nos. 78-2186 and 78-2187

## United States Court of Appeals

Third Circuit

## Argued December 15, 1978

## Filed January 18, 1979

THOMAS ALKON, ESQ. (ISHERWOOD, COLIANNI, ALKON & BARNARD), Christiansted, St. Croix, V.I., *for appellant in 78-2186*

JEFFREY L. RESNICK, ESQ. (JAMES & RESNICK), Christiansted, St. Croix, V.I., *for appellant in 78-2187*

DAVID V. O'BRIEN, ESQ. (O'BRIEN & MOORE), Christiansted, St. Croix, V.I., *for appellee in 78-2186/7*

Before SEITZ, *Chief Judge*, WEIS and GARTH, *Circuit Judges*

## OPINION OF THE COURT

GARTH, *Circuit Judge*

Under the Virgin Islands Code, may the issuer of an automobile insurance policy, by means of an endorsement attached to the policy, restrict the scope of coverage provided by the omnibus clause of the policy? We conclude that such a restrictive endorsement is legally permissible under the provisions of the Virgin Islands Code relevant for purposes of this case. We therefore affirm the June 7,

1976 order of the district court granting summary judgment in favor of the appellee, American Home Assurance Company ("American").

## I

There is no dispute concerning the facts relevant to this appeal. On January 9, 1975 Zuhdi Abdallah ("Zuhdi") purchased a family combination automobile insurance policy from American which covered his 1969 Cadillac. The policy contained a standard omnibus clause which extended coverage, in the case of an owned automobile, to the named insured, to any resident of the same household, and to all permissive users. In the case of a non-owned automobile, coverage was provided to the named insured and to any relative of the named insured driving with the permission of the owner. Attached to the policy, however, was an endorsement which excluded coverage for accidents which occurred while the automobile was being operated by a person under the age of twenty-five. This exclusionary endorsement itself contained an exception, expressed as follows: "It is agreed, however, that this exclusion shall not apply to the following persons, who are expressly covered under this policy:." Under this exception was listed only the name of Zuhdi's son, Sufian. Because Sufian was under the age of twenty-five, American was only willing to provide this additional coverage in exchange for a 30 percent premium surcharge.

The Cadillac was sold and replaced by a 1971 Buick in April, 1975. A substitution of automobile form was executed at this time in order to transfer coverage to the new automobile. Registration of the Buick was in Sufian's name, however, and not Zuhdi's. There are apparently disputed factual issues concerning whether the change in registration was ever made known to American. Also in dispute is whether Zuhdi or Sufian was the principal opera-

tor of the Buick, and whether American was informed of the identity of the principal operator.[1]

Sufian's brother, Said, was involved in a serious automobile accident on September 9, 1975, while driving the insured Buick. Thereafter, the occupants of the other vehicle involved in the accident, including Cynthia Grouby, commenced a personal injury tort action against Said. Prior to the filing of this tort action, American informed its insured that it would not furnish any coverage with respect to the accident or any defense to the action brought against Said.

Said, claiming coverage under the omnibus clause of the insurance policy and seeking reimbursement for any award in favor of Grouby as well as for costs incurred in defense of the action, brought a third-party action against American. In this action, two grounds were advanced by American in justification of its refusal to extend coverage to Said under the policy. First, it contended that the Abdallahs had given inadequate or inaccurate information at the time that the Buick was substituted for the Cadillac under the policy, and that this constituted a material misrepresentation which voided the policy. Second, it contended that the endorsement excluding coverage for persons under the age of twenty-five, except for Sufian, discharged American from any obligation to extend coverage to Said. It is conceded that only Sufian's name, and not Said's name, is listed under the exception to the exclusionary endorsement.

Both American and Said moved for summary judgment in the third-party action. The district court concluded that no disputed factual issues were involved concerning the effect of the exclusionary endorsement on Said's coverage under the policy. Determining that the exclusionary en-

---

[1] These disputes, which form the basis of American's defense of misrepresentation, were not reached by the district court in light of its resolution of the motions for summary judgment in the third-party action. Similarly, our disposition of this appeal does not require us to address these issues.

dorsement was valid under the Virgin Islands Code, and that its effect was to exclude Said from coverage under the policy, the district court granted summary judgment in favor of American.[2]

## II

Said raises three arguments in support of the position that he is an insured driver under the policy. First, he contends that the exclusionary endorsement is void because it conflicts with provisions of the Virgin Islands Code which require automobile insurance policies to include a provision insuring permissive users. Second, the endorsement is said to be invalid because it unreasonably affects the risk purported to be assumed in the general coverage of the policy. Third, any approval by the Insurance Commissioner of the exclusionary endorsement is claimed to be a nullity because the endorsement is specifically prohibited by statute. We do not read the Virgin Islands Code as supporting these arguments.

## A

Until recently,[3] the Virgin Islands did not require the

---

[2] Cynthia Grouby, plaintiff in the principal tort action against Said, is listed as an appellant, along with Said, on this appeal. A judgment in favor of Grouby against Said had been entered in the tort action following the disposition of the summary judgment motions in the third-party action. Both Grouby and Said appealed from the judgment in favor of American. American takes the position that Grouby lacks standing to prosecute an appeal because Grouby was not a party to the third party action below and because Grouby had obtained full relief in the district court. In view of our disposition herein we need not reach the standing issue and will therefore assume without deciding that Grouby is properly before us.

[3] On July 31, 1975, the legislature of the Virgin Islands enacted a compulsory automobile liability insurance law which prohibits registration of an automobile except upon proof of satisfactory insurance coverage. V.I.C., tit. 20, §§ 701–16. Since this law requires that an automobile owner's policy of liability insurance "shall insure the person named therein and any other person, as an insured, using any such vehicle or vehicles with the express or implied permission of such named insured . . . ," V.I.C., tit. 20, § 703(b), the result in this case might well be different had these provisions been in effect. However, the effective date of this law was established as February 1, 1976. Act of July 31, 1975, No. 3724 § 2, 1975 Sess. L. 119, as amended, Act of November 28, 1975, No. 3771 § 5. In addition, § 713

63

registered owners of automobiles to obtain automobile liability insurance. At the time of Said's accident, insurance coverage was voluntary and automobile insurance policies were subject to the general statutory provisions regulating insurance contracts. V.I.C., tit. 22, §§ 801–46.

Section 812(a) of this title, concerning standard forms, states in part as follows:

The standard insurance policy of the State of Washington or the State of New York, or The Standard Foreign Policy (English Foreign Form) as authorized and on file in the Office of the Commissioner of Insurance of the State of Washington or of New York on January 1, 1952, together with subsequent changes, is established as the *standard form* of insurance policies for the Virgin Islands ... (italics supplied).

V.I.C., tit. 22, § 812(a).

New York, 11 N.Y.C.R.R., Part 60, § 60.1 (as amended 1973), requires automobile insurance policies to contain an omnibus clause that provides coverage not only for the named insured, but also for those using the automobile with the permission of the named insured.[4] Even if we

_____

states that "[t]his chapter shall not apply with respect to any accident, or judgment arising therefrom, or violation of the motor vehicle laws of the Virgin Islands occurring prior to the effective date of this chapter." V.I.C., tit. 20, § 713. Said cannot, and does not, claim that this law is applicable because the accident giving rise to this appeal occurred on September 9, 1975, approximately six months prior to the effective date of the compulsory insurance law.

[4] Washington does not have a general requirement to this effect. That state has enacted legislation, Wash. Rev. Code Ann. §§ 46.29.010 et seq., to insure that motorists involved in automobile accidents will be financially responsible for any liability they may incur. Generally, the legislation requires a motorist to post a security deposit to cover potential liability after he or she is involved in an accident. Id. at §§ 46.29.060–46.29.240. Failure to post such security may result in license suspension. Id. at § 46.29.110. The legislation also requires that certain persons who have been convicted of or forfeited bail for certain motor vehicle offenses provide proof of financial security for future accidents in which they might be involved. Id. at §§ 46.29.250–46.29.600. Such proof of financial security may be established by purchasing insurance coverage under a qualifying motor vehicle liability policy. Id. at § 46.29.460. A qualifying motor vehicle liability policy must contain an omnibus clause insuring permissive users of the vehicle. Id. at § 46.29.490. This statutory requirement, however, does not invalidate restrictions on coverage in insurance policies not issued for purposes of compliance with the financial responsibility statute. Royse v. Boldt, 80 Wash. 2d 44, 491 P.2d 644 (1971).

assume that § 812(a) applies to automobile liability insurance, American has complied with § 812(a) because its policy issued to Zuhdi contained such an omnibus clause.

Said argues that § 812(a) and the New York standard form, to which it refers, do not permit any limitation on the coverage set forth in an omnibus clause. He supports this argument by directing our attention to § 813(b) which reads as follows:

(b) No insurance contract shall contain any provision inconsistent with or contradictory to any such *standard provision* used or required to be used, but the Commissioner may, except as to the standard provisions of individual disability insurance contracts as required under chapter 35 of this title, approve any provision which is in his opinion more favorable to the insured than the standard provision or optional standard provision otherwise required. No endorsement, rider, or other documents attached to such contract shall vary, extend, or in any respect conflict with any such *standard provision,* or with any modification therefor so approved by the Commissioner as being more favorable to the insured (italics supplied).

V.I.C., tit. 22, § 813(b).
Said contends that the exclusionary rider attached to the American policy is inconsistent with the omnibus clause required by § 812(a) and that it is therefore rendered invalid by § 813(b).

■ In advancing this argument, however, Said ignores the language of § 813(a), which we think limits the scope of § 813 in its entirety. Section 813(a) states in relevant part:

Insurance contracts shall contain such *standard provisions* as are required by the applicable chapters of this title pertaining to contracts of particular kinds of insurance (italics supplied).

V.I.C., tit. 22, § 813(a).
It is evident that the "standard provisions" referred to in § 813 are those set forth in "applicable chapters of [title

22] pertaining to contracts of particular kinds of insurance." There is no applicable chapter of this title pertaining to automobile liability insurance, and there are thus no "standard provisions" which must be included in an automobile liability insurance contract. We therefore think it would be an unwarranted extension of § 813 to read the phrase "standard provision" as incorporating by reference the "standard form" described in § 812. Although § 813(b) invalidates any provision inconsistent with or contradictory to the "standard provisions" required by § 813(a) to be contained in "contracts of particular kinds of insurance," we do not read § 813(b) as similarly invalidating any provision at variance with the "standard form" referred to in § 812.

■ Given that § 813(b) does not invalidate the exclusionary endorsement in American's policy, we must next decide whether American's endorsement is otherwise invalid because it restricts the scope of coverage of the omnibus clause. We think that such an endorsement is not invalid in jurisdictions where insurance coverage is voluntary and not mandatory. This general rule is stated in 13 G. Couch, Cyclopedia of Insurance Law 88 (2d ed. 1965):

"Where the contract of insurance is not compulsory, an exception is valid and enforceable which exempts from liability when harm is sustained while the vehicle is operated by a person under the minimum age specified in the policy . . . ."

The public policy underlying this rule is sound and readily discernible. If insurance coverage is not mandatory, the protection afforded to accident victims by a broad omnibus clause may be defeated simply by the failure of a driver or automobile owner to obtain insurance. This being so, those persons who do purchase insurance will benefit from the lower rates presumably made possible by the ability of insurance companies to define narrowly the risks against

which they insure in any particular policy. Any increase in risk would carry with it an increase in premiums. The purchasers of insurance will thereby pay for their own coverage and not the coverage of others.

The validity of an endorsement restricting the coverage of an omnibus clause has been upheld by the Court of Appeals of Washington, a holding which we think is significant in light of the reference in V.I.C., tit. 22, § 812(a) to the standard insurance policy of the State of Washington.[5] In St. Paul Fire and Marine Insurance Company v. Circle Bar J Boys' Ranch, Inc., 1 Wash. App. 377, 461 P.2d 567 (1969), a declaratory judgment proceeding to determine insurance coverage, the Court held than an endorsement excluding coverage with respect to claims arising from accidents which occur while any automobile is being operated by any person under 25 years of age was valid. Coverage under the policy was accordingly suspended as a result of this endorsement because the operator of the vehicle was under 25 years of age at the time of the accident. See Schaffer v. Mills Owners Mutual Insurance Company, 407 P.2d 614 (S.Ct. Ore. 1965); Empire Fire and Marine Insurance Company v. Brake, 472 S.W.2d 18 (Ct. App. Missouri 1971). For other cases upholding the validity of exclusionary endorsements based on the age of the automobile operators, see Annotation, 83 A.L.R.2d 1236 (1962).

Other statutory provisions of the Virgin Islands Code support our conclusion that the exclusionary endorsement

---

[5] We find inapposite to this appeal the New York State cases invalidating exclusionary endorsements on automobile insurance policies, see, e.g., Peters v. State Farm Mutual Insurance Company, 296 N.Y.S.2d 527 (S. Ct. 1968); Randazzo v. Cunningham, 392 N.Y.S.2d 740 (App. Div. 1977), because New York requires (1) that a vehicle be insured or other financial security provided as a precondition to registration of a motor vehicle, N.Y. Vehicle and Traffic Law § 312 (McKinney Supp. 1978), and (2) that automobile liability insurance coverage extend to damage caused by any person operating a motor vehicle with the permission of the named insured, N.Y. Insurance Law § 162, subd. 2 (McKinney Supp. 1978). The New York Insurance laws are more analogous to the compulsory automobile liability law now in effect in the Virgin Islands. See note 2 supra.

is valid. V.I.C., tit. 22, § 846, which discusses the construction of policies, states:

Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy, and as amplified, extended, or modified by any rider, endorsement, or application attached to and made a part of the policy.

On its face, this provision contemplates that an endorsement may modify the terms of an insurance policy, and that the policy must be read in its entirety, including the endorsement. See Buntin v. Continental Insurance Co., 583 F.2d 1201 (1978). No more than this occurred here; the endorsement modified the coverage of the omnibus clause, and the coverage of the policy must be established on the basis of the omnibus clause as modified. In this case, the coverage excluded Said.

## B

The insurance provisions of the Virgin Islands Code require that insurance policy forms receive the approval of the Insurance Commissioner before they are issued, delivered, or used. V.I.C., tit. 22, § 810. Section 811 specifies certain grounds on which the Commissioner must disapprove any such insurance forms, and reads in relevant part as follows:

(a) The Commissioner shall disapprove any such form of policy, application, rider, or endorsement, or withdraw any previous approval thereof, only as follows:

. . .

(3) if it contains or incorporates by reference any inconsistent, ambiguous or misleading clauses, or exceptions and conditions which unreasonably or deceptively affect the risk purported to be assumed in the general coverage of the contract;

. . . .

V.I.C., tit. 22, § 811(a)(3).

■ Said contends that the Commissioner was obliged to disapprove the exclusionary endorsement at issue in this

case because it unreasonably limits the risk purported to be assumed in the omnibus clause. We disagree. The language of the endorsement was not deceptive or misleading in any way. The parties to the insurance contract could have had no difficulty in understanding that Sufian was the only driver under the age of twenty-five who was covered by the policy. As indicated above, such a limitation on American's scope of the coverage was not unreasonable. Zuhdi's payment of the premium surcharge secured only coverage for Sufian. If coverage for Said was desired as well, it can hardly be doubted that American would have provided that coverage, but only upon payment of an additional risk premium.

## C

■ Insurance forms must be filed with the Insurance Commissioner for approval not less than thirty days from the time at which they are to be issued, delivered, or used. V.I.C., tit. 22, § 810(b). At the expiration of thirty days following its filing, the form shall be deemed approved unless it has been affirmatively approved or disapproved by order of the Commissioner. Id. The endorsement used by American in this case received the Commissioner's approval by inaction, as is authorized in the statute.[6] We find no infirmity in this approval since, as discussed above, the exclusionary endorsement was valid under the provisions of the Virgin Islands Code in effect during the times relevant to this appeal.

---

[6] Under date of October 29, 1969, American was notified by a letter from an Assistant Attorney General of the Government of the Virgin Islands that:
"It is the opinion of this office that the exclusionary endorsement is now a valid endorsement form . . . , the endorsement having been properly submitted to the Insurance Commissioner, and he having failed to either approve or disapprove the same within 30 days of its submission as required by Title 22, section 810(b) of the Virgin Islands Code."
Brief for Appellee at A(2).

## III

In sum, we have been directed to no statute or requirement of the Virgin Islands which, under the circumstances of this case, would disallow or prohibit a restricting endorsement, such as American's age endorsement, from being included as part of a voluntary automobile liability policy of insurance. We will therefore affirm the June 7, 1976 order of the district court which granted summary judgment in favor of American Home Assurance Company.