[No. 17613-4-III.    Division Three.    July 13, 1999.]

*In the Matter of the Marriage of* WILLIAM E. BURKE,
*Respondent*, and REBECCA R. BURKE, *Appellant.*

*Paul Martin Larson* and *Susan E. Roberto* of *Larson & Perkins*, for appellant.

*W. James Kennedy, III* of *Thorner, Kennedy & Gano*, for respondent.

KURTZ, A.C.J. — William and Rebecca Burke executed a prenuptial agreement prior to marriage. When they divorced, the parties litigated parenting plan issues. The court refused to grant attorney fees to Ms. Burke based on a clause in the prenuptial agreement prohibiting recovery of fees. Ms. Burke appeals contending the parenting plan issues lie outside the scope of the prenuptial agreement and, thus, the attorney fees clause is inapplicable. Alternatively, she maintains the attorney fees clause should not be enforced because it violates public policy by chilling an economically disadvantaged spouse's ability to litigate parenting plan issues affecting the welfare of children. We reverse because the attorney fees clause, as applied to the litigation of parenting plan issues, violates public policy.

## FACTS

William and Rebecca Burke were married on August 5, 1995. The day before they married, they executed a prenuptial agreement. In part, the agreement provides:

> In the event either party petitions any court for a divorce, dissolution, declaration of invalidity, legal separation, or for any other remedy affecting the status of the parties' marriage, on or before the day of the parties' tenth wedding anniversary, neither party shall request, nor shall there be an award, of attorney or expert witness fees in any preliminary or final decree.

Ms. Burke consulted an attorney before signing the agreement.

The Burkes' marriage was short-lived and Mr. Burke filed a petition for dissolution almost six months to the day after they were married. The Burkes had an infant daughter who was born August 14, 1996. Both parents wanted custody of the child and, during the dissolution, they litigated custody, visitation and other matters relating to the daughter. Ms. Burke did not challenge the validity of the prenuptial agreement. She did, however, petition the court under RCW 26.09.140 for attorney fees based on the parties' disparate financial condition. The court denied the request ruling the prenuptial agreement precluded either party from receiving attorney fees. Ms. Burke appeals.

### ANALYSIS

In dissolution proceedings, trial courts are granted discretion to require one party to pay the other party's attorney fees and costs. RCW 26.09.140 provides:

> The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the costs to the other party of maintaining or defending any proceeding under this chapter and for reasonable attorney's fees or other professional fees in connection therewith, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or enforcement or modification proceedings after entry of judgment.

An award under this provision is discretionary and neither party is entitled to attorney fees as a matter of right. *In re Marriage of Leslie*, 90 Wn. App. 796, 805, 954 P.2d 330 (1998), *review denied*, 137 Wn.2d 1003 (1999). Such discretionary decisions are reviewed for abuse of discretion. *In re Marriage of Knight*, 75 Wn. App. 721, 729, 880 P.2d 71 (1994), *review denied*, 126 Wn.2d 1011 (1995). In this case, the trial court concluded it lacked discretion to make an award of attorney fees because the parties were bound by their prenuptial agreement. The construction or legal effect of a contract is a question of law. *Syrovy v. Alpine Resources, Inc.*, 68 Wn. App. 35, 39, 841 P.2d 1279 (1992),

*aff'd*, 122 Wn.2d 544, 859 P.2d 51 (1993); *In re Marriage of Foran*, 67 Wn. App. 242, 249, 834 P.2d 1081 (1992).

■ Washington recognizes the right of the members of a prospective marital community to contract between themselves regarding their property. *Friedlander v. Friedlander*, 80 Wn.2d 293, 301, 494 P.2d 208 (1972); *In re Marriage of Matson*, 107 Wn.2d 479, 482, 730 P.2d 668 (1986); Nancy C. Phelps, Comment, *Antenuptial and Postnuptial Contracts in Washington*, 54 WASH. L. REV. 135, 137-38 (1978). "If fair and fairly made, we have held prenuptial agreements between competent parties to be valid and binding." *Matson*, 107 Wn.2d at 482. Prenuptial agreements are contracts, subject to the principles of contract law, but also subject to special rules formulated by the Legislature and the courts. *Id.* at 479; *Foran*, 67 Wn. App. at 248-51; Gail Frommer Brod, *Premarital Agreements and Gender Justice*, 6 YALE L.J. 229 (1994); 19 KENNETH W. WEBER, WASHINGTON PRACTICE: FAMILY AND COMMUNITY PROPERTY LAW § 16.1 (1997). For instance, prenuptial agreements generally cannot affect the rights of the parties' children. *In re Marriage of Littlefield*, 133 Wn.2d 39, 58, 940 P.2d 1362 (1997); *In re Marriage of Thier*, 67 Wn. App. 940, 944, 841 P.2d 794 (1992), *review denied*, 121 Wn.2d 1021 (1993). Although the court may consider the terms of an agreement purporting to affect the children's rights, the court is not bound by them. *Littlefield*, 133 Wn.2d at 58.

■ We first consider Ms. Burke's contention that a clause in a prenuptial agreement that prohibits an award of attorney fees incurred in parenting plan litigation is unenforceable because it violates public policy. It violates public policy, she argues, because it adversely impacts the interests of children. In her brief, she explains:

> Protecting financially weaker individuals' ability to contest custody issues is critical to the state's vested interest in protecting its youngest and most vulnerable citizens. The only sound way a court can determine the best placement for children in child custody cases is to level the playing field and afford both parents equal access to the courts to present their

evidence regarding which parent is more fit to be the primary parent.

Ms. Burke informs us that she has incurred approximately $31,000 in legal fees and costs litigating custody and visitation issues. A review of the financial documents submitted by the parties in connection with the parenting plan litigation confirms her representation about the litigation's disparate financial impact.

Public policy is generally determined by the Legislature and established through statutory provisions. Stated another way, it is not the function of the judiciary to determine public policy; that function rests exclusively with the legislative branch of government. *Mutual of Enumclaw Ins. Co. v. Wiscomb*, 95 Wn.2d 373, 378, 622 P.2d 1234 (1980) (citing *Barkwill v. Englen*, 57 Wn.2d 545, 548, 358 P.2d 317 (1961)); *see Cary v. Allstate Ins. Co.*, 130 Wn.2d 335, 340, 922 P.2d 1335 (1996). The proper starting point for determining public policy is applicable legislation. *Id.*

In RCW 26.09.002, our Legislature stated: "In any proceeding between parents under this chapter, the best interests of the child shall be the standard by which the court determines and allocates the parties' parental responsibilities." This legislative mandate applies to both the Burkes' litigation regarding their child and Ms. Burke's request for attorney fees.

This public policy is evident in *Thier* and *Littlefield*. In *Thier*, the court was asked to enforce the custody provisions of a separation agreement. The court declined and cited the language of RCW 26.09.070(3), which provides in relevant part:

> If either or both of the parties to a separation contract shall . . . . at a subsequent time[ ] petition the court for dissolution of their marriage, . . . the contract, *except for those terms providing for a parenting plan for the children,* shall be binding upon the court unless it finds . . . that the separation contract was unfair at the time of its execution.

*Thier*, 67 Wn. App. at 944. This statute and *Thier* reflect

Washington's policy of generally allowing parents to enter into binding contracts regarding their rights and their property, but generally prohibiting marital agreements that divest the court of its authority and discretion over issues affecting the rights and welfare of their children. This legal principle was affirmed in *Littlefield* when our Supreme Court, citing RCW 26.09.070(3) and *Thier*, refused to enforce the provisions of a prenuptial agreement relevant to the parties' dispute over geographic restrictions. *Littlefield*, 133 Wn.2d at 57-58.

The policy of this state regarding attorney fees in domestic relation matters is stated in RCW 26.09.140:

> The court . . . after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for reasonable attorney's fees or other professional fees in connection therewith[.]

"The purpose of the statutory authority is to make certain that a person is not deprived of his or her day in court by reason of financial disadvantage." 20 KENNETH W. WEBER, WASHINGTON PRACTICE: FAMILY AND COMMUNITY PROPERTY LAW § 40.2, at 510 (1997); *see Malfait v. Malfait*, 54 Wn.2d 413, 418, 341 P.2d 154 (1959); *In re Marriage of Irwin*, 64 Wn. App. 38, 64-65, 822 P.2d 797, *review denied*, 119 Wn.2d 1009 (1992); *In re Marriage of Low*, 44 Wn. App. 6, 10, 720 P.2d 850, *review denied*, 106 Wn.2d 1015 (1986).

Mr. Burke argues the parties to a valid prenuptial agreement should be able to waive their rights under RCW 26.09.140. More specifically, he argues that while *Thier* and *Littlefield* prohibit parents from entering into binding contracts regarding parenting plan issues, they do not address the right to an award of attorney fees and costs under RCW 26.09.140, which is not a parenting plan issue. We disagree. RCW 26.09.140 applies broadly to actions brought under RCW 26.09. Chapter 26.09 governs actions that impact the rights of parents and their property, and it also encompasses actions that impact the welfare and rights of

children. In fair and fairly made marital agreements, parties may waive rights affecting themselves and their property. But the waiver of rights under RCW 26.09.140, as it applies to parenting plan issues, is not binding upon the court because such waivers violate public policy. The state's interest in the welfare of children requires that the court have the discretion to make an award of attorney fees and costs so that a parent is not deprived of his or her day in court by reason of financial disadvantage.

We reverse and remand to the trial court with instructions that it has discretion to make an award of attorney fees and costs under RCW 26.09.140. Ms. Burke's request for attorney fees on appeal is granted. The amount of the award, both at trial and on appeal, shall be determined by the trial court upon remand. In view of our decision, we need not address the other issue raised by Ms. Burke.

SWEENEY and KATO, JJ., concur.

Reconsideration denied September 3, 1999.