# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of | No. 55323-6-II |
| MICHAEL KARL KUEHNER, | |
| Appellant, | |
| and | UNPUBLISHED OPINION |
| BRENDA WALLACE KUEHNER, | |
| Respondent. | |

GLASGOW, A.C.J.—Michael Karl Kuehner filed a petition for dissolution of marriage from Brenda Wallace Kuehner in March 2018. The parties reached a CR 2A agreement that included, in relevant part, an agreement that three barrels of uncut emeralds would become Brenda's sole property. In 2020, Brenda moved to vacate the CR 2A agreement after discovering Michael's participation in a Florida lawsuit wherein he stipulated that all the barrels of uncut emeralds belonged to his associate.

After reviewing hundreds of pages of documents and hearing argument from the parties, the trial court granted Brenda's motion in part. The trial court also awarded Brenda $20,000 in attorney fees.

Michael appeals the trial court's award of attorney fees. He argues that the trial court erred by awarding attorney fees without a showing that the fees were reasonable. Michael fails to show that the trial court abused its discretion, and we affirm the trial court's order.

FACTS

In March 2018, Michael filed a petition for dissolution of marriage from Brenda. By July 2020, the couple reached a CR 2A agreement. As part of the agreement, Brenda was to receive the rights to three barrels of uncut emeralds. The agreement stated, "'Michael Kuehner hereby warrants that these barrels are free and clear of any claims that he's aware of.'" Verbatim Report of Proceedings (VRP) at 48. That September, Brenda filed a motion to vacate the CR 2A agreement based on CR 60(b)(3), (4), and (11). Brenda argued that after entering into the CR 2A agreement, she discovered fraud that voided the agreement. When she attempted to arrange collection of the three barrels of uncut emeralds awarded to her in the agreement, she discovered that one day before the settlement conference, Michael had stipulated in a Florida lawsuit that all of the barrels should be awarded to his associate, Emiel Kandi, with whom he was involved in several limited liability corporations and trusts.

After holding a hearing on the motion and considering hundreds of pages of documents, the trial court entered an order partially vacating the parties' CR 2A agreement. Brenda also sought attorney fees. She explained to the trial court that she owed one prior attorney $17,800 and another prior attorney over $5,200. Additionally, Brenda owed her current attorney at the time over $19,000.[1]

The trial court awarded Brenda $20,000 in attorney fees. The trial court based its decision on the inconsistency of Michael's stipulations in the Florida lawsuit and his statement in the CR 2A agreement. The trial court explained, "I believe that that is a basis for setting aside the [CR 2A] agreement. I don't think that should be on her dime. So I am going to award $20,000 in attorney's

---

[1] The record on appeal is sparse and it is unclear whether these figures were provided in writing to the trial court.

fees from [Michael] to [Brenda] because of that." *Id.* at 48-49. The trial court reserved ruling on the issue of whether the entire agreement or just the portions related to the three barrels of uncut emeralds needed to be vacated.

Michael moved for reconsideration, which the trial court denied after considering a significant amount of additional briefing and evidence from both sides.

Michael appeals the trial court's order awarding Brenda attorney fees and denying his motion for reconsideration. The only documents contained in the record on appeal are Michael's petition for dissolution, the trial court's order vacating the CR 2A agreement and awarding Brenda attorney fees, the trial court's order denying Michael's motion for reconsideration, and a transcript from the hearing on the motion to vacate.

ANALYSIS

Michael argues that the trial court erred by awarding Brenda $20,000 in attorney fees without considering the financial status of the parties or the reasonableness of the fees.

We review a trial court's attorney fees award for abuse of discretion. *Kellar v. Estate of Kellar*, 172 Wn. App. 562, 591, 291 P.3d 906 (2012). The party challenging a fee award bears the burden of showing it was "clearly untenable or manifestly unreasonable." *Wash. State Commc'n Access Project v. Regal Cinemas, Inc.*, 173 Wn. App. 174, 219, 293 P.3d 413 (2013).

Generally, attorney fees in a dissolution proceeding are based on need and ability to pay. RCW 26.09.140; *In re Marriage of Terry*, 79 Wn. App. 866, 871, 905 P.2d 935 (1995). RCW 26.09.140 instructs the trial court to balance the financial need of both parties. "'The purpose of the statutory authority [to award fees and costs] is to make certain that a person is not deprived of his or her day in court by reason of financial disadvantage.'" *In re Marriage of Burke*, 96 Wn. App. 474, 479, 980 P.2d 265 (1999) (quoting 20 KENNETH W. WEBER, WASHINGTON PRACTICE:

FAMILY AND COMMUNITY PROPERTY LAW § 40.2, at 510 (1997)). Courts may also look outside the statute to award fees and costs on an equitable basis. "A party's intransigence can substantiate a trial court's award of attorney fees, regardless of the factors enunciated in RCW 26.09.140." *In re Marriage of Mattson*, 95 Wn. App. 592, 604, 976 P.2d 157 (1999).

From the limited record provided on appeal, it is clear that the trial court awarded Brenda attorney fees based on Michael's intransigence. The trial court explained that it was vacating the CR 2A agreement based on Michael's inconsistent statements in the Florida lawsuit and the CR 2A agreement regarding the rights and claims to the barrels of uncut emeralds. It explained that the costs associated with vacating the CR 2A agreement and resuming litigation in the dissolution should not be borne by Brenda due to Michael's misrepresentations. As an equitable remedy, an attorney fees award based on intransigence need not be supported by the other statutory factors for a fee award. *Id*. Upon finding intransigence, the trial court did not need to weigh the financial status of the parties.

Michael appears to disagree with the trial court's finding of intransigence, but because he did not provide any of the evidence considered by the trial court in making its determination, we cannot conclude that the trial court's finding was not supported by substantial evidence. Nor has Michael established, based on this record, that the $20,000 attorney fees amount was unreasonable. The record shows that the trial court considered the amount of fees Brenda had incurred, as well as Michael's conduct that necessitated the steps taken to vacate the CR 2A agreement. The $20,000 award amounted to less than half of the total amount for attorney fees that Brenda reported she had incurred. On this record, Michael fails to show that the trial court abused its discretion.

Michael requests fees and costs on appeal, but he does not prevail on appeal. We decline to award appellate fees or costs.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, A.C.J.

We concur:

Worswick, J.

Price, J.